JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RUSSEL KING

## DEFENDANTS
SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA)

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES M. DUCKWORTH, KELLER & GOGGIN, P.C.
1528 WALNUT STREET, SUITE 900
PHILADELPHIA, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☒ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/25/2014

SIGNATURE OF ATTORNEY OF RECORD
JAMES M. DUCKWORTH

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT

EATSERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL KING<br>2844 GLENVIEW STREET<br>PHILADELPHIA, PA 19149<br><br>V.<br><br>SOUTHEASTERN PENNSYLVANIA<br>TRANSPORTATION AUTHORITY (SEPTA)<br>1234 MARKET STREET<br>PHILADELPHIA, PA 19107 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT
## FRSA

1. The Plaintiff Russell King brings this action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. Section 20109(d)(3) (FRSA).

### PARTIES

3. The plaintiff is of 2844 Glenview Street, Philadelphia, PA 19149.
4. The defendant Southeastern Pennsylvania Transportation Authority is a railroad carrier providing railroad transportation, with a usual place of business at 1234 Market Street, Philadelphia, PA 19107.
5. During all times herein mentioned, the defendant engaged in interstate commerce by providing railroad transportation between the states of Pennsylvania and New Jersey and Delaware.
6. At the time of the Defendant's FRSA violations, the plaintiff was employed by the defendant Railroad and qualified as an employee within the meaning of 49 U.S.C. Section 20109.
7. On May 18, 2011 the plaintiff was a passenger in a SEPTA high-rail work truck which was struck from behind by another SEPTA high-rail vehicle which had suffered a brake failure while on the way to a job site. After this accident, the striking work-truck was serviced by SEPTA for its brake failure and put back into service. However, not more than a few months later in July of

2011, the same work-truck whose brakes had just been serviced by SEPTA suffered a similar failure where it again struck another vehicle. This time however Mr. King was the driver of the striking vehicle which again suffered a brake failure while traversing a portion of railroad tracks that featured a significant decline.

8. After the second accident, SEPTA supervisors held a meeting with the stated intent of finding the cause of the second accident which occurred on July 26, 2011. Those present at the meeting included Terry Fields, Russ King, Mike Gurski, Vince Thomas, Ernie Street and Michael Barrett. SEPTA management present were Craig DiNinni, Anthony Ray, John Rowan and Reggie Woods.

9. Mr. King as well as a number of his co-workers who, like Mr. King were witnesses to, and involved in both accidents described above.

10. During the course of the meeting, SEPTA management found that everyone present, even those not involved directly with the accident, to be at fault, and proceeded to take disciplinary against these workers. Mr. King was terminated immediately at the meeting for being involved in two accidents within two years and thus he was "accident prone". SEPTA reasoned that he was at fault for not refusing Mr. Woods' instructions and exercising a "right of refusal" based on the first incident even though SEPTA had certified the striking truck to repaired and operational. Subsequent inspection of the truck discovered brake defects again. Several weeks later Lenny Vicoli, SEPTA supervisor, proposed that Mr. King be reinstated if he accepted disqualification with pay reduction rather than remain terminated. Mr. King continues to face termination without a possibility of reinstatement if he reports another accident within two years.

11. As most of the group had reported work injuries or property damage within two years, SEPTA reasoned that the group of workers was "accident prone" and as a result, Mr. King, the driver of the striking truck of the July 26th accident was fired on the spot at the meeting detailed above, and Mr. Fields, along with a number of his co-workers were charged with a Rule 66 violation. Any further violation would result in the termination of Mr. Fields. Mr. Fields has been exposed to disciplinary action unfairly and now sees his future teetering in the balance based on a disciplinary charge of failing to stand-up to his foreman.

12. As a result of Southeastern Pennsylvania's Transportation Authority's conduct, the plaintiff suffered various economic harms as well as emotional distress and mental anguish.

## FRSA CAUSE OF ACTION

13. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraph 1 through 8 of his Complaint with the same force and effect as if set forth under the cause of action.

14. The plaintiff engaged in protected activity under the FRSA when he reported the accident to SEPTA management.
15. The defendant railroad had knowledge of all the protected activities referenced above.
16. The defendant Railroad took adverse or unfavorable actions against the plaintiff in whole or in part due to his protected activities.
17. In doing so, the defendant Railroad acted with disregard for the law and with indifference to the plaintiff's rights under the FRSA.
18. On November 3, 2011, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Region OSHA Whistleblower Office. Exhibit 1. That was within 180 days from the date the plaintiff became aware of the defendant Railroad's intent to take adverse or unfavorable personnel action against him.
19. The Region 3 OSHA Whistleblower Office commenced its investigation, and the plaintiff fully cooperated with OSHA's investigation. However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint. The delay was not due to any bad faith on the part of the plaintiff.
20. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in United States District Court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. Section 20109(d)(3).
21. Pursuant to FRSA 49 U.S.C. 20109(d)(3), the plaintiff now is bringing this original action at law and equity to the United States District Court of the Eastern District of Pennsylvania, which Court has jurisdiction over the this FRSA action without regard to the amount in controversy.

WHEREFORE, in order to encourage employees to freely report all injuries without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

- Expungment of all references to disciplinary action related to May 18, 2011 and July 2011;
- Lost benefits with interest;
- Lost wages with interest;
- Compensatory damages for medical expenses incurred due to defendant's conduct;
- Compensatory damages for economic losses due to defendant's conduct;

- Compensatory damages for mental anguish and emotional distress due to defendant's conduct;
- The statutory maximum of punitive damages; and
- Special damages for all litigation costs including expert witness fees and attorney fees.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By_____

James M. Duckworth, Esquire
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 735-8780

U.S DEPARTMENT OF LABOR

Case No. 3-6540-12-006                                                                 July 25, 2014

In the Matter of

**RUSSEL KING**
       Complainant

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY**
       Respondent

## NOTICE OF INTENTION TO FILE ORIGINAL ACTION
## IN UNITED STATES DISTRICT COURT

Pursuant to the provisions of the Federal Rail Safety Act, 49 U.S.C. 20109(d)(3), the Complainant hereby gives notice of his intent to file an original action in the United States District Court. The Complainants FRSA Complaint was filed more than 210 days ago, and as of this date the Secretary of Labor has not issued a final decision.

                                                                         FOR THE CLAIMANT
                                                                        RUSSEL KING

BY: _____
        James M. Duckworth, Esquire
        Keller & Goggin, P.C.
        1528 Walnut Street, Suite 900
        Philadelphia, PA 19102
        (215) 735-8780

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 25th day of July, 2014 to:

Directorate of Enforcement Programs
U.S. Department of Labor, OSHA
200 Constitution Avenue, NW, Room N-3119, FPB
Washington, DC 20210

Robert F. Soden
USDOL-OSHA
The Stegmaier Building, Suite 410
7 North Wilkes Barre Boulevard
Wilkes Barre, PA 18702-5241

Thomas C. Carle
Assistant Regional Administrator
U.S. Department of Labor
Occupational Safety & Health Administration
The Curtis Center
170 south Independence Mall West
Suite 740 West
Philadelphia, PA 19106-3309

Associate Solicitor
U.S. Department of Labor
Division of Fair Labor Standards
200 Constitution Avenue, NW, N2716
Washington, DC 20210

Mr. Terry Fields
1423 Dondill Place
Philadelphia, PA 19122

BY: _____
James M. Duckworth, Esquire
Keller & Goggin, P.C.
1528 Walnut STReet, Suite 900
Philadelphia, PA 19102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RUSSEL KING | : | CIVIL ACTION |
| v. | : | |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY (SEPTA) | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| **JULY 25, 2014** | **JAMES M. DUCKWORTH, ESQ.** | **RUSSEL KING** |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 735-8780 | (215) 735-5126 | Jduckworth@keller-goggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# KELLER & GOGGIN, P.C.
### ATTORNEYS AT LAW
SUITE 900
1528 WALNUT STREET
PHILADELPHIA, PA 19102
(215) 735-8780 • FAX (215) 735-5126
www.keller-goggin.com

WILLIAM L. KELLER
ROBERT S. GOGGIN, III
JAMES M. DUCKWORTH
VOCI R. BENNETT

 210

TOLL FREE
1-800-666-FELA

November 3, 2011

**Via Federal Express**
Philadelphia OSHA Area Office
U.S. Department of Labor- OSHA
US Custom House, Room 242
Second & Chestnut Street
Philadelphia, Pennsylvania 19106-2902

### RE: Russ King v. Southeastern Pennsylvania Transportation Authority
### Violation of FRSA Whistleblower Protection

To Whom It May Concern:

I have the unfortunate duty to inform you that the South Eastern Pennsylvania Transportation Authority (SEPTA) has violated the Federal Rail Safety Act (FRSA) by subjecting an employee to discipline for reporting an accident. Under SEPTA policy, an employee is subject to discipline if the employee is involved in or reports more than one accident involving personal or property damage within two years. SEPTA has labeled these employees as being "accident prone" and has targeted them for termination for the reporting of and/or involvement in a work accident.

On May 18, 2011, Russell King, a SEPTA employee, was a passenger in a SEPTA high-rail work truck which struck another SEPTA high-rail vehicle when it suffered a brake failure while on the way to a job site. After this accident, the striking work-truck was serviced by SEPTA for its brake failure and put back into service. However, not more than a few months later in July of 2011, the same work-truck whose brakes had just been serviced by SEPTA suffered a similar failure where it again struck another vehicle. This time however, Mr. King was the driver of the striking truck which again suffered a brake failure while traversing a portion of railroad tracks that featured a significant decline.

After this second accident, SEPTA supervisors held a meeting with the stated intent of finding the cause of the second accident which occurred July 26, 2011. Those present at this meeting included Terry Fields, Russ King, Mike Gurski, Vince Thomas, Ernie Street, and

EXHIBIT
1

Michael Barrett. SEPTA management present were Craig DiNinni, Anthony Ray, John Rowan and Reggie Woods. Mr. King as well as a number of his co-workers who, like Mr. King were witnesses to, and involved in both accidents described above. During the course of the meeting, SEPTA management found that everyone present, even those not involved directly with the accident, to be at fault, and proceeded to take disciplinary against these workers. Mr. King was terminated immediately at the meeting for being involved in two accidents within two years and thus he was "accident prone". SEPTA reasoned that he was at fault for not refusing Mr. Woods' instructions and exercising a "right of refusal" based on the first incident even though SEPTA had certified the striking truck to repaired and operational. Subsequent inspection of the truck discovered brake defects again. Several weeks later Lenny Vicoli, SEPTA supervisor, proposed that Mr. King be reinstated if he accepted disqualification with pay reduction rather than remain terminated. Mr. King continues to face termination without a possibility of reinstatement if he reports another accident within two years.

As most of the group had reported work injuries or property damage within two years, SEPTA reasoned that the group of workers was "accident prone" and as a result, Russ King, the driver of the striking truck of the July 26th accident was fired on the spot at the meeting detailed above, and Mr. Fields, along with a number of his co-workers were charged with a Rule 66 violation. Any further violation would result in the termination of Mr. Fields. Mr. Fields has been exposed to disciplinary action unfairly and now sees his future teetering in the balance based on a disciplinary charge of failing to stand-up to his foreman.

### Conclusions and Relief

Not only do SEPTA's actions violate the FRSA but also the memorandum of understanding between SEPTA, the participating unions, including the BMWE, and the Federal Railroad Administration. SEPTA's arbitrary policy to labeled employees as accident prone and subjected then to current discipline and future termination has caused Mr. King to fear for his career and the emotional and financial well-being of himself and his family if he involved in or reports on accident or injury.

SEPTA's policy of requiring employees to be incident/accident free for two years or be subject to termination creates a chilling effect upon to the reporting of injuries and safety violations to the detriment of fellow employees, the general public, and the employee himself.

Mr. King's performance of his assigned job duties was done in good faith and such an activity is protected under 49 U.S.C. 20109 (a).

Mr. King seeks all remedies and damages included within the scope of 49 USC 20109 (e) including but not limited to punitive damages in the amount of $250,000.00.

Sincerely,